IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DOYLE MURPHY,

    Plaintiff,

v.

D. SCHROEDER, et al.,

    Defendants.

Civil No. 06-1104-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff is a prisoner represented by counsel. He brings this action pursuant to 42 U.S.C. § 1983 and asserts, among other things, that his right to due process was violated. Plaintiff stated at oral argument that his allegations regarding the right to be free from cruel and unusual punishment were not intended to be a separate claim and defendants have demonstrated that such would not be a claim in the circumstances of this case. See ftnt 2 at p. 3 Defendants' Memo (# 8).

Presently before the court is defendants' motion (#6) for summary judgment. For the reasons stated below, such motion is allowed and this action is dismissed.

## Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of

probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

## Discussion

Plaintiff alleges that defendants violated his right to due process in the handling of a disciplinary sanction issued because of a weapon found in his cell. Plaintiff claims, as he did at his prison hearing, that the weapon belonged to his cell mate, and that any punishment imposed violated his constitutional rights.

I. Federal Claims

Substantive Due Process

Plaintiff first asserts that because the weapon was found in his cell mate's bunk, and not plaintiff's

bunk, that it violated plaintiff's substantive due process rights to discipline him for it. However, substantively, due process only requires "some evidence" to support the prison's disciplinary decision. Superindent v. Hill, 472 U.S. 445, 454 (1985). Because "prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances ...[t]he fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Thus, under the "some evidence" standard, the relevant inquiry is whether there is any evidence in the record that could support the prison's conclusion. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Here, the undisputed evidence in the record is that a weapon was found in plaintiff's cell.[1] As such, there was some evidence to support defendant's disciplinary decision. Such decision is entitled to deference and there was no substantive due process violation.

Plaintiff also offers an elaborate argument that there was not some evidence that he violated disciplinary rules. He essentially argues that this court must engage in an in-depth analysis of state law to determine whether "some evidence" exists, and relies on a state administrative review case from 1977 for the proposition that inmates cannot be held responsible for contraband found in a shared cell, absent direct evidence linking the inmate to the contraband. See Boyd v. Oregon State Pen. Corrections Div., 29 Or App. 71 (1977). As set forth persuasively by defendants in an excellent brief, this reliance is fundamentally misplaced.

First, the state case plaintiff cites, Boyd, hinges on a critically different standard of review than the

---

[1] It is standard procedure at Snake River Correctional Institute that if a weapon is found in a shared cell and it is impossible to tell whose weapon it is, both inmates are sanctioned. Such policy is common in prison contexts. See footnote 1 of Reply (#22). Inmates are put on notice of this policy through the inmate handbook. Absent this policy, inmates could escape sanction (and subject a cell mate to sanction) for the severe offense of possession of a weapon merely by hiding the weapon in the cell mate's bunk. As discussed in more detail above, plaintiff's claim fails because "some evidence" was found and the plaintiff's asserted constitutional right in the circumstances of this case is inconsistent with the prison's legitimate (and, in fact, critical) penological objective. See Turner v. Safley, 482 U.S. 78, 89 (1987)("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests").

3 - ORDER

present case. Oregon State Courts previously had the authority, which has since been revoked[2], to directly review a prison disciplinary sanction under the <u>substantial</u> evidence standard generally applicable to judicial review of administrative proceedings. See, e.g., <u>Melton v. Oregon State Correctional Institution</u>, 34 Or. App. 951 (1978)(emphasis added)("judicial review of disciplinary sanctions is limited to determining if the sanction was lawful and constitutional and supported by <u>substantial</u> evidence").

The <u>Boyd</u> court had the task of concluding whether contraband found in an inmate's cell, without more, constituted substantial evidence of a prison disciplinary violation.

This standard of review is the key difference between the cases cited by plaintiff and the present §1983 action. It is easy to see how the evidence available in the <u>Boyd</u> case (or this one) could fail under the inapplicable "substantial evidence" standard -- there is no direct evidence connecting plaintiff to the contraband. However, the constitutionally required "some evidence " is present as the contraband was found in plaintiff's cell, and only two inmates had access to the cell.

<u>Hill</u> itself demonstrates the applicability of the "some evidence" standard to the facts at issue here. In <u>Hill</u>, a prison guard found an inmate who had been beaten and witnessed three inmates jogging away from the scene. The prison sanctioned the three fleeing inmates. The state court concluded that the evidence was constitutionally insufficient because there was no direct evidence to support an inference any one of the three inmates was involved in the violation. The United States Supreme Court reversed, concluding that "although the evidence in this case might be characterized as meager, and there ws no direct evidence identifying any one of the three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or arbitrary." <u>Id</u> at 457.

Plaintiff's arguments also fail as federal courts are not required to enter into an in-depth analysis of state law in order to determine whether "some evidence" exists to support a disciplinary violation. Defendants persuasively demonstrate this point with further examination of <u>Hill</u> and by citing several other cases indicating that the present case is not even a close call. See p.p. 3-5 of Reply (#22), incorporated herein by this reference.

---

[2]See ORS §421.194.

4 - ORDER

Procedural Due Process

Plaintiff also asserts that his procedural due process rights were violated because defendant Hearings Officer Myers was a biased decision maker. In a prior, unrelated incident, plaintiff was sanctioned for misconduct based on the testimony of two inmates who claimed plaintiff struck another inmate with his cane. Hearing Officer Myers, who presided over that hearing, later overturned the sanction when new evidence came to light calling the credibility of one of the inmates into question. Plaintiff alleges that having to re-open the closed case caused defendant Myers embarrassment and humiliation, and caused him to be vindictive to plaintiff based on this incident. Such claim fails.

While a prisoner has a right to have a disciplinary hearing conducted by an impartial decision maker, merely alleging bias is insufficient to support a disqualification. Adjudicators have a presumption of honesty and integrity. Withrow v. Larkin, 421 U.S. 35, 47 (1975). Meyers is not impermissibly biased in the present matter because he had ruled against plaintiff in another matter and later reversed that decision. Administrative agency fact finders are not "disentitled to sit because they ruled strongly against a party in the first hearing." Id . Meyers applied the standard policy of sanctioning both cell mates when a weapon is found in a cell, and plaintiff's cell mate, who was not involved in the eralier proceeding, received the same sanction as plaintiff. Absent a more substantial showing, plaintiff's allegation of bias must fail. See Rogers v. Bearley, 1996 U.S. App. LEXIS 32864 (9th Cir. 1996).

No federal constitutional right was violated in this action. Even if the facts were to show that the conduct at issue violated a constitutional right, qualified immunity would apply as a reasonable prison official would certainly believe that the hearing process and sanction, all undertaken in accordance with the Oregon Administrative Rules and prison policy, were lawful.

All federal claims are dismissed.

II. State Claims

Defendants request this court to decline supplemental jurisdiction over plaintiff's state law claims for a violation of the Oregon Constitution and false imprisonment.

This court declines to exercise supplemental jurisdiction over the state-law claims as all federal claims have been dismissed. 28 U.S.C §1367 (c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999,

5 - ORDER

1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal- law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'" (citation omitted)). This court has not invested its judicial energies as to the state claims to any extent that would justify retaining jurisdiction. Nor is it apparent that judicial economy would be served by retaining jurisdiction over this case. Although it might be more convenient for the plaintiff if the court retained jurisdiction, fairness and comity would be served by declining jurisdiction.

All of plaintiff's other arguments in this action have been considered and found unpersuasive.

## Conclusion

Defendants' motion (#6) for summary judgment is allowed and plaintiff's federal claims are dismissed with prejudice. The state claims are dismissed without prejudice to refile in state court. Defendants' motion (# 9) to stay discovery is denied as moot. This action is dismissed.

DATED this 14 day of February, 2007.

THOMAS M. COFFIN
United States Magistrate Judge

6 - ORDER